UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER JOHN RAY VEGA, | Case No. 1:26-cv-00186-DCN |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| v. | |
| ADA COUNTY JAIL, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Plaintiff Christopher John Ray Vega's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Under 28 U.S.C. § 1915, the Court must review Vega's application to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Vega's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2). For the reasons explained below, the Court GRANTS Vega's application to proceed in forma pauperis and DISMISSES the case WITHOUT PREJUDICE.

## II. BACKGROUND

Vega alleges that while an inmate at the Ada County Jail, and on numerous occasions, he was sexually assaulted in his sleep. Dkt. 2, at 5. He made several reports to jail staff. *Id.* But after reviewing video footage, staff members told him there was no

INITIAL REVIEW ORDER - 1

evidence supporting the allegation. *Id.* Vega claims "the Ada County Jail [is] not telling the truth about the video footage of [his] incarceration." *Id.* at 4. He maintains his belief because, while in custody, he would wake up with a loose, sore, and aching anus. *Id.* at 5.

Vega began experiencing troubling anal symptoms before his incarceration. He underwent surgery to remove anal hemorrhoids "a few weeks before [his] current incarceration." *Id.* at 6. He denies that his symptoms are attributable to newly formed hemorrhoids. *Id.* But he does allege the Ada County Jail further mistreated him during his medical treatment for hemorrhoids. *Id.*

While incarcerated, Vega was examined by an outside physician. *Id.* The physician found no abnormalities but offered to perform a colonoscopy, which Vega declined. *Id.* Soon before his release, the Ada County Jail offered to perform a colonoscopy, which he again refused. *Id.* at 7. However, the next morning Vega woke up "feeling like the procedure [had been] done." *Id.* His Complaint states: "I've been released now 12 days and all the symptoms have been gone. Could they have performed a procedure when I was asleep[?]" *Id.* He also "think[s] there is some kind of stint sleeve in [his] an[us]" which, presumably, he did not consent to being inserted. *Id.* at 6.

Vega does not explicitly state his cause of action for each claim. However, on his Civil Cover Sheet he asserts that the Court has diversity jurisdiction over this matter and characterizes the suit as involving claims for medical malpractice[1] and civil rights

---

[1] The Complaint alleges no facts supporting Vega's medical malpractice tort claim. The Court need not formally dismiss this claim because it is found only on the Civil Cover Sheet and not in the Complaint. Accordingly, the Court addresses only Vega's civil rights claims.

INITIAL REVIEW ORDER - 2

violations. Dkt. 2-1, at 1. The Court liberally construes the Complaint and surmises that Vega is asserting a 42 U.S.C. § 1983 claim against the Ada County Jail for inadequate medical care, sexual assault, and failure to protect, all in violation of the Eighth Amendment.

### III. LEGAL STANDARD

#### A. IFP Application

In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified).

#### B. Pleading Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (citation modified).

INITIAL REVIEW ORDER - 3

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (citation modified). "Bare assertions" and conclusory allegations without adequate factual support are not enough. *Id.* at 681.

Under 28 U.S.C. § 1915(e)(2), the Court is required to screen complaints filed in forma pauperis. The Court must dismiss any action or claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* "These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule." *Nevarez v. Idaho Dep't of Corr.*, 2023 WL 3886484, at *1 (D. Idaho June 8, 2023), *aff'd sub nom. Nevarez v. Idaho Dep't of Corr.*, 2024 WL 4562746 (9th Cir. Oct. 24, 2024).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Fed. R. Civ. P. 12(b)(6)), *superseded by statute on other grounds*, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to

INITIAL REVIEW ORDER - 4

amend).

## IV. DISCUSSION

As an initial matter, Vega appears to be totally indigent. He reports no income or assets (Dkt. 1, at 2–3), and he also indicates that he is unemployed and homeless (*Id.* at 5). The Court, therefore, GRANTS his application to proceed in forma pauperis.

Turning to the Complaint, as discussed below, the Court determines that it has subject matter jurisdiction over the matter, but Vega fails to state a claim upon which relief may be granted. The Court must, therefore, DISMISS the Complaint. The Court will, however, grant Vega 30 days to amend the Complaint.

### A. Subject Matter Jurisdiction

A federal court "is obligated to determine sua sponte whether it has subject matter jurisdiction." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citation modified); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Vega asserts that this Court has diversity jurisdiction rather than federal question jurisdiction over the matter (Dkt. 2, at 3; Dkt. 2-1, at 1), but none of the facts alleged in his Complaint support a finding of diversity jurisdiction. Diversity requires parties who are citizens of different States and a legal dispute that exceeds $75,000. *Gordon v. Nicoll, 2022* WL 17362042 (D. Idaho 2022). The Complaint alleges that both parties are citizens of Idaho and fails to allege any dollar amount in controversy.

INITIAL REVIEW ORDER - 5

Nonetheless, the Court finds that it does, in fact, have federal question jurisdiction over Vega's civil rights claims. *See Roberts v. Olson*, 2022 WL 7674819, at \*3 (S.D. Cal. Oct. 12, 2022) (considering whether "subject-matter jurisdiction exists" based on the facts alleged in the Complaint notwithstanding pro se plaintiff's failure to properly allege subject matter jurisdiction).

Because the Court has subject matter jurisdiction, it now turns to the sufficiency of Vega's allegations.

**B. Section 1983 Claims**

Section 1983 provides a cause of action for civil rights violations. To state a plausible § 1983 claim, a plaintiff must allege that a person acted under color of state law, and that the person's act proximately caused a violation of rights protected by the Constitution or a federal statute. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To bring a § 1983 claim against a municipal entity, a plaintiff must allege that the entity's official policy or unofficial custom caused the plaintiff's injury. *See Streit v. Cnty. of Los Angeles*, 236 F.3d 552, 559 (9th Cir. 2001) (citing *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658, 694 (1978)). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

### 1. Inadequate Medical Care

"The government has an 'obligation to provide medical care for those whom it is punishing by incarceration,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–05 (1976)). To prevail on an inadequate medical care claim, plaintiffs must show prison officials exhibited "deliberate indifference" to their "serious medical needs." *Estelle*, 429 U.S. at 104.

This claim is not cognizable under *Monell*. Vega fails to demonstrate that: (1) his aching anus is a serious medical need which the Ada County Jail has a duty to care for, (2) the Ada County Jail employed a policy or custom of delaying or denying any medical care from its inmates, (3) any such Ada County Jail policy or custom amounted to deliberate indifference of his Eighth Amendment right, or (4) the policy or custom was a moving force behind any Eighth Amendment violations. Indeed, the Complaint itself shows Vega was given medical treatment during his incarceration for his anal symptoms. Dkt. 2, at 6. As such, *Monell* bars this claim.

### 2. Sexual Assault

Vega does not mention in his Complaint who he believes committed the alleged sexual assault, so the Court considers only whether the Ada County Jail can be held liable for the assaults under *Monell*.

A prisoner presents a viable Eighth Amendment claim when he shows that "a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the

INITIAL REVIEW ORDER - 7

staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

This claim is not cognizable under *Monell*. Vega's Complaint still fails to allege facts demonstrating that the Ada County Jail has employed any policy or custom allowing the sexual assault of inmates or that any such policy or custom was the moving force behind the alleged sexual assaults. Again, *Monell* bars this claim.

### 3. Failure to Protect

If Vega is asserting that the Ada County Jail failed to protect him from being sexually assaulted by another inmate, *Monell* still bars the claim.

A prison official violates the duty to protect an inmate from harm when (1) "objectively viewed, the prison official's act or omission . . . cause[d] a substantial risk of serious harm," and (2) the prison official was "subjectively aware of that risk and act[ed] with deliberate indifference to inmate health or safety." *Cortez v. Skol*, 776 F.3d 1046, 1050 (9th Cir. 2015) (citation modified).

This claim is not cognizable under *Monell*, either. Vega's Complaint does not allege the Ada County Jail has any policy or custom allowing inmates to sexually assault another inmate or of failing to investigate allegations. The Complaint shows on its face that the officers reviewed jail security footage and found no evidence of sexual assault. To the extent the Complaint alleges that officers lied about viewing the footage as part of a policy of hiding sexual assaults from prisoners, the Court finds the allegation implausible. *See Iqbal*, 556 U.S. at 679 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

INITIAL REVIEW ORDER - 8

shown—that the pleader is entitled to relief.") (citation modified). Thus, *Monell* bars this claim.

### C. Leave to Amend

If amending a complaint would remedy the complaint's deficiencies, courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Because Vega *may* be able to state a claim upon relief can be granted, the Court will allow him an opportunity to amend his Complaint to remedy its deficiencies.

## V. ORDER

**IT IS ORDERED:**

1. Vega's Complaint is DISMISSED without prejudice.

2. Vega is GRANTED leave to amend. Any such amended complaint must be filed within 30 days from the entry of this Order.

3. **If Vega does not file a timely amended complaint, this case may be dismissed with prejudice and without further notice**.

DATED: June 29, 2026

David C. Nye
U.S. District Court Judge

INITIAL REVIEW ORDER - 9